Skip to Main Content Logout My Account My Cases Search Menu New Civil & Family Search Refine Search Back

Location : All Civil & Family Courts   Images Help

# REGISTER OF ACTIONS
### CASE NO. 366-04435-2015

| | | | | |
|---|---|---|---|---|
| Kevin Eaglin vs. Metropolitan Lloyds Insurance Company of Texas | § § § § § | | Case Type: | Consumer/Commercial/Debt |
| | | | Date Filed: | 10/26/2015 |
| | | | Location: | 366th District Court |

---

## PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| Defendant | Metropolitan Lloyds Insurance Company of Texas<br>Reg.Agent,CT Corporation System<br>1999 Bryan Street,Suite 900<br>Dallas, TX 75201 | Dennis D Conder<br>*Retained*<br>214-748-5000(W) |
| Plaintiff | Eaglin, Kevin | Clint Brasher<br>*Retained*<br>409-832-3737(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 10/26/2015 | Plaintiff's Original Petition (OCA) $293.00 | | |
| 10/26/2015 | Case Information Sheet | | |
| 10/28/2015 | Jury Fee Paid $30.00 | | |
| 10/28/2015 | Request for Citation $8.00 | | |
| 10/28/2015 | Citation | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served<br>Returned | 11/16/2015<br>11/23/2015 |
| 11/23/2015 | Service Return | | |
| 12/03/2015 | Original Answer | | |
| | *Defendant Metropolitan's Original Answer* | | |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | Plaintiff Eaglin, Kevin | | |
| | Total Financial Assessment | | 331.00 |
| | Total Payments and Credits | | 331.00 |
| | Balance Due as of 12/11/2015 | | 0.00 |
| 10/28/2015 | Transaction Assessment | | 331.00 |
| 10/28/2015 | Payment   Receipt # DC-38860-2015 | Eaglin, Kevin | (331.00) |


EXHIBIT A

Filed: 10/26/2015 12:02:12 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Vella Duong Deputy
Envelope ID: 7535295

NO. 366-04435-2015

| | | |
|---|---|---|
| KEVIN EAGLIN | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | ___ JUDICIAL DISTRICT |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | |
| Defendant | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES KEVIN EAGLIN (herein after referred to as "Plaintiff"), complaining of Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, (hereinafter referred to as "LLOYDS") and hereby respectfully show unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.01 Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2.01 Plaintiff, KEVIN EAGLIN, is an individual and resident of Collin County and a citizen of the state of Texas.

2.02 Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, hereinafter "LLOYDS" is a domestic corporation doing business in the State of Texas and citizen

of the State of Texas and may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION AND VENUE

3.01   This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02   Venue is mandatory and proper in Collin County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

## IV.
## CONDITIONS PRECEDENT

4.03   All conditions precedent to recovery have been performed, waived, or have occurred.

## V.
## FACTS

5.01   Plaintiff is the owner of a homeowner insurance policy, policy number H 439163667-0 issued by the Defendant (hereinafter referred to as the "Policy").

5.02   Plaintiff owned the insured property that is specifically located at 3412 Swanson Drive, Plano, Texas (hereinafter referred to as the "Property").

5.03   Defendant, LLOYDS or its agent sold the Policy, insuring the property, to Plaintiff.

5.04   On or about October 26, 2013, Plaintiff's property sustained windstorm and hail damage. Plaintiff's roof sustained extensive damage during the storm including damage to the shingles, drip edge, roof vent, and other structural parts of the roof. Plaintiff also sustained other exterior damage to his windows, fencing, cornice and air conditioner. Water intrusion from the roof caused interior damage to his walls, ceilings, flooring, moulding, ceiling texture and insulation in

the den, entry way and damage in the attic space. After the storm, Plaintiff filed a claim with his insurance company, LLOYDS, for the damages to his home caused by the storm.

5.05 Plaintiff submitted a claim to Defendant, LLOYDS against the Policy for damage caused to the property as a result of the wind and hail. Plaintiff asked that LLOYDS cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

5.06 LLOYDS assigned claim number JDD88819 to Plaintiff's claim.

5.07 LLOYDS hired and/or assigned an adjuster to adjust the claim.

5.08 LLOYDS' adjuster performed an inspection on Plaintiff's property. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. The hail damage cracked the fiberglass mat that diminished the water proofing properties of the shingles. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

5.09 The adjuster's unreasonable investigation of the claim included a failure to comply with LLOYDS' policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under LLOYDS' policies and procedures including repairs to the roof vent, roof jack, drip edge, felt, and shingles. LLOYDS' adjuster did not document all of the damage to the roof, which constituted an unreasonable and insufficient investigation. Additionally, LLOYDS improperly applied policy exclusions as a pretext to deny part of the claim, claiming that the hail damage to Plaintiff's roof was the result of wear and tear. As a result, Plaintiff was wrongly denied the cost to replace the roof.

5.10 Plaintiff's home also sustained damage to the air conditioner, cornice, fencing and windows located around the Property. Although all of the damage was covered under the Policy, LLOYDS' adjuster failed to document all of the damage sustained to the exterior of the Property.

As a result, Plaintiff was wrongly denied the cost to repair the damage to the exterior of the Property.

5.11 Water intrusion from the roof caused interior damage to his walls, ceilings, flooring, moulding, ceiling texture and insulation in the entry way, den and attic space of the home. The storm caused significant damage to the interior of the Property and required replacement of paneling, insulation, drywall taped and floated, painting, mildewcide, texture, and content removal. LLOYDS' adjuster did not document and failed to inspect all the interior damage, although all of the damage was covered under the Policy. As a result, Plaintiff was wrongly denied the cost to repair the interior damage.

5.12 LLOYDS failed to properly train and supervise the adjuster. Furthermore, LLOYDS underpaid Plaintiff's claim by not providing full coverage for the damages to Plaintiff's home sustained by a covered event under the Policy, as well as under-scoping the damages during its investigation.

5.13 To date, LLOYDS continues to delay in the payment for the damages to the Property. As such, Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

5.14 LLOYDS failed to perform its contractual duty to adequately compensate Plaintiff under terms of the policy. Specifically, Defendant failed and refused to pay all of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. LLOYDS' conduct constitutes a breach of the insurance contract between LLOYDS and Plaintiff.

5.15 Defendant, LLOYDS, misrepresented to Plaintiff the severity of Plaintiff's damage, that the hail damage to the roof was "wear and tear," and that the damage to the Property was not

covered under the Policy, even though the damage was caused by a covered occurrence. Furthermore, LLOYDS misrepresented the scope of damages sustained to the exterior, roof, and interior of the Property. LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE §541.060 (a) (1).

5.16 Defendant, LLOYDS failed to make an attempt to settle Plaintiff's claim in a prompt, fair, and equitable manner, although it was aware of its liability to Plaintiff under the Policy. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

5.17 Defendant, LLOYDS failed to explain to Plaintiff the reason for its offer of an inadequate settlement. Specifically, LLOYDS failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendant LLOYDS did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. LLOYDS' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

5.18 Defendant failed to communicate with Plaintiff to insure that she understood the coverage denials that she received. Although requested by counsel for Plaintiff, Defendant, LLOYDS failed to produce any evidence of communication with Plaintiff. Defendant LLOYDS was asked for documents pertaining to the investigation of the claim, including the following:

    i      "Any and all correspondence to or from our client relating to this claim;

    ii     "Any and all adjusters' estimates;

    iii    "An itemized statement of all payments made or pending toward the client's claim, including all payments toward property damage with adjustment summaries;

  iv "Any and all written or recorded statements or other investigation information pertaining to his claim."

5.19 Defendant's unwillingness to provide Plaintiff documents relative to his claim for damages prior to suit being filed demonstrates bad faith and a failure to treat Plaintiff reasonably. TEX. INS. CODE. §541.060 (a)(3).

5.20 Defendant, LLOYDS failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant, LLOYDS. Defendant, LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

5.21 Defendant, LLOYDS refused to fully compensate Plaintiff, under the terms of the Policy, even though LLOYDS failed to conduct a reasonable investigation. Defendant, LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

5.22 Defendant, LLOYDS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

5.23 Defendant LLOYDS failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

## VI.
## 1ST CAUSE OF ACTION: BREACH OF CONTRACT

6.01 Plaintiff incorporates paragraphs 5.01 – 5.23 herein.

6.02 At the time of the October 23, 2013 incident, Plaintiff had in place a policy issued by LLOYDS. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. LLOYDS is therefore in breach of the contract of insurance issued to Plaintiff.

6.03 LLOYDS' conduct constitutes a breach of contract resulting in damages to the Plaintiff.

## VII.
## 2nd CAUSE OF ACTION: DTPA

7.01 Plaintiff incorporates paragraphs 5.01 – 5.23 herein.

7.02 Plaintiff is a "consumer" as defined by Tex. Bus. Code § 17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from Defendant. LLOYDS violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")(TEX. BUS. & COM. CODE §17.44 et seq.) because Defendant engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to their detriment.

7.03 The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

    a. Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

    b. Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

7.04 The acts and omissions of Defendant were a producing cause of the Plaintiff's damages.

7.05 Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiff's claim and they acted with a specific

intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

7.06  Plaintiff gave Defendant notice as required by DTPA §17.50(a).

## VIII.
## 3RD CAUSE OF ACTION: §541 ET SEQ. TEXAS INSURANCE CODE

8.01  Plaintiff incorporates paragraphs 5.01 – 5.23 herein.

8.02  LLOYDS violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, LLOYDS' acts and omission include violation of:

- (a) §541.051;

- (b) §541.051(4);

- (c) engaging in unfair settlement practices by (§541.060):

    - (i) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    - (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which LLOYDS' liability has become reasonably clear;

    - (iii) failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for LLOYDS' denial of the claim;

    - (iv) failing to affirm or deny coverage within a reasonable time; and

    - (v) refusing to pay a claim without conducting a reasonable investigation of the claim.

- (d) misrepresenting Plaintiff's insurance policy by (§541.061):

    - (i) making an untrue statement of material fact;

    - (ii) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

    (iii) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

 (e) §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

8.03 LLOYDS' conduct was committed knowingly because Defendant had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

8.04 Plaintiff gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE.

8.05 Defendant's conduct described above was a producing cause of Plaintiff's injuries.

## IX.
### 4TH CAUSE OF ACTION: TEXAS INS. CODE SECTION 542

9.01 Plaintiff incorporates paragraphs 5.01-5.23 herein.

9.02 LLOYDS violated the Texas Insurance Code section 542 because they failed to do the following within the statutorily mandated time of receiving all necessary information:

 (1) Failing to timely acknowledge the Plaintiff's claim;

 (2) Failing to commence an investigation of Plaintiff's claim;

 (3) Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;

 (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

 (5) Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

 (6) Failing to pay Plaintiff's claim without delay; and

 (7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

9.02 LLOYDS violated the Texas Insurance Code section 542 by:

 (1) Knowingly misrepresented to the Plaintiff pertinent facts or policy provisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

9.03 Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiff request damages under Texas Insurance Code section 542.060.

## X.
## 5TH CAUSE OF ACTION: GOOD FAITH AND FAIR DEALING

10.01 Plaintiff incorporates paragraphs 5.01-5.23 herein.

10.02 LLOYDS owed Plaintiff a duty of good faith and fair dealing. LLOYDS breached this duty when they conducted an unreasonable investigation, denied Plaintiff's claim, and misrepresented material facts because LLOYDS knew or should have known that it was reasonably clear that Plaintiff's claim was covered. LLOYDS' breach of this duty was a proximate cause of Plaintiff's damages.

## XI.
## 6th CAUSE OF ACTION: FRAUD

11.01 Plaintiff incorporates paragraphs 5.01-5.23 herein.

11.02 Common Law Fraud. Defendants, LLOYDS, made various representations to the Plaintiff regarding his windstorm / hailstorm claim, including material representations regarding the extent of damages sustained to Plaintiff's home, material representations regarding policy coverages, whether or not claims were covered, and the value of claim, which were material and false. At the time LLOYDS made the representations they knew the representations were false

or made the representations recklessly as a positive assertion without knowledge of the truth. LLOYDS made these representations with the intent that the Plaintiff acted on them by not further pursuing claims or thinking there was no other money to recover. Plaintiff relied on the representations and this caused injury.

11.03 Constructive Fraud. A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of LLOYDS constitute constructive fraud.

11.04 Fraud by Non-disclosure.

(a) LLOYDS had a duty to Plaintiff to disclose the extent and value of damages suffered by Plaintiff, the proper cause of the damage, and that it owed Plaintiff money for his claim. LLOYDS concealed from, or failed to disclose these facts to Plaintiff. The facts were material and LLOYDS knew that the Plaintiff was ignorant of the facts and that Plaintiff did not have an equal opportunity to discover the facts.

(b) LLOYDS was deliberately silent when they owed a duty to advise Plaintiff of the damages and the extent of the damages and the amount LLOYDS owed Plaintiff. By failing to disclose these facts, LLOYDS intended to induce the Plaintiff to believe no money was owed on the claim. Plaintiff relied on the non-disclosure and was injured.

## XII.
## AMBIGUITY

12.01 The policy in place at the time of October 26, 2013, policy number H 439163667-0, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

## XIII.
## WAIVER AND ESTOPPEL

13.01 Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XIV.
## DAMAGES

14.01 As a direct result of Defendant's conduct, Plaintiff has suffered economic damages all of which she is entitled to recover. Plaintiff is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees. Plaintiff is also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiff's mental anguish.

14.02 Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiff is also entitled to recover treble damages because Defendant's conduct was committed knowingly.

14.03 Plaintiff is entitled to exemplary damages as a result of Defendant's breach of duties owed as described above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. In the alternative, Defendant had specific intent to cause substantial harm to Plaintiff.

14.03 Based on the information currently available to Plaintiff, Plaintiff believes his damages exceed $200,000.00, but are less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. Plaintiff reserves the right to decrease or increase this amount as further information becomes available.

## XV.
## ATTORNEY FEES

15.01 Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA

§17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiff seeks recovery of his reasonable and necessary attorney fees and court costs.

## XVI.
## REQUEST FOR DISCLOSURE

16.01 Under the authority of the Texas Rules of Civil Procedure 194, Plaintiff requests that the Defendant disclose, within 50 days for the service of this request, the information or material described in Rule 194.2(a)-(l).

## XVII.
## PRAYER

17.01 For these reasons, Plaintiff asks that he have judgment against Defendant for his economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiff may show himself entitled.

Respectfully Submitted,

By: _____
Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
P.O. Box 2237
Beaumont, Texas 77704
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for Plaintiff*

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

_____
Joe Muckleroy

Filed: 12/3/2015 12:26:53 PM
Yoon Kim
District Clerk
Collin County, Texas
By Jennifer Alsbury Deputy
Envelope ID: 8072143

CAUSE NO. 366-04435-2015

| | | |
|---|---|---|
| KEVIN EAGLIN, | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | COLLIN COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § | |
| Defendant. | § § | 366TH DISTRICT COURT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A. the dwelling owned by **you** on the **residence premises**; and
    B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I - BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2. **Windstorm or Hail**
   We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

   \* \* \*

   D. **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

      1. flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3. We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

   A. wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2. **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

   A. Promptly notify **us** or **our** representative.
   ...
   B. Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
   C. Cooperate with us in the investigation of a claim.
   ...
   E. At any reasonable time and place **we** designate, and as often as **we** reasonably require:
      1. show **us** the damaged property;
      2. submit to questions concerning the loss under oath while not in the presence of any other person defined as "**you**", and sign and swear to the answers; and
   ...

Pleading further, Plaintiff failed to promptly repair the roof of his property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: _____
　　Dennis D. Conder
　　State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 3rd day of December, 2015, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

_____
Dennis D. Conder

PAN/PLDG/561561.1/001466.14730

---

DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER - Page 6