IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN EAGLIN | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 4:15-CV-00850 |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS | § | JURY |
| Defendant | § | |
| | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME KEVIN EAGLIN and JACKIE EAGLIN (herein after referred to as "Plaintiffs"), complaining of Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, (hereinafter referred to as "LLOYDS") and hereby respectfully show unto the Court and Jury as follows:

I.
DISCOVERY CONTROL PLAN

1.01   This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

II.
PARTIES

2.01   Plaintiff, KEVIN EAGLIN, is an individual and resident of Collin County and a citizen of the state of Texas.

2.02   Plaintiff, JACKIE EAGLIN, is an individual and resident of Collin County and a citizen

of the state of Texas.

2.03    Defendant, METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, hereinafter "LLOYDS" is a domestic corporation doing business in the State of Texas and citizen of the State of Texas.  Defendant has been served and is properly before the Court.

III.
JURISDICTION AND VENUE

3.01    This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.02    Venue is mandatory and proper in Collin County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

IV.
CONDITIONS PRECEDENT

4.03    All conditions precedent to recovery have been performed, waived, or have occurred.

V.
FACTS

5.01    Plaintiffs are the owners of a homeowner insurance policy, policy number H 439163667-0 issued by the Defendant (hereinafter referred to as the "Policy").

5.02    Plaintiffs owned the insured property that is specifically located at 3412 Swanson Drive, Plano, Texas (hereinafter referred to as the "Property").

5.03    Defendant, LLOYDS or its agent sold the Policy, insuring the property, to Plaintiffs.

5.04    On or about October 26, 2013, Plaintiffs' property sustained windstorm and hail damage. Plaintiffs' roof sustained extensive damage during the storm including damage to the shingles, drip edge, roof vent, and other structural parts of the roof.  Plaintiffs also sustained other exterior

damage to his windows, fencing, cornice and air conditioner.   Water intrusion from the roof caused interior damage to his walls, ceilings, flooring, moulding, ceiling texture and insulation in the den, entry way and damage in the attic space.   After the storm, Plaintiffs filed a claim with his insurance company, LLOYDS, for the damages to his home caused by the storm.

5.05    Plaintiffs submitted a claim to Defendant, LLOYDS against the Policy for damage caused to the property as a result of the wind and hail. Plaintiffs asked that LLOYDS cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

5.06    LLOYDS assigned claim number JDD88819 to Plaintiffs' claim.

5.07    LLOYDS hired and/or assigned an adjuster to adjust the claim.

5.08    LLOYDS' adjuster performed an inspection on Plaintiffs' property. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules.   The hail damage cracked the fiberglass mat that diminished the water proofing properties of the shingles.   Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

5.09    The adjuster's unreasonable investigation of the claim included a failure to comply with LLOYDS' policies and procedures concerning roof inspections and when to replace or repair a roof.   The roof required full replacement under LLOYDS' policies and procedures including repairs to the roof vent, roof jack, drip edge, felt, and shingles.   LLOYDS' adjuster did not document all of the damage to the roof, which constituted an unreasonable and insufficient investigation.   Additionally, LLOYDS improperly applied policy exclusions as a pretext to deny part of the claim, claiming that the hail damage to Plaintiffs' roof was the result of wear and tear. As a result, Plaintiff was wrongly denied the cost to replace the roof.

5.10    Plaintiffs' home also sustained damage to the air conditioner, cornice, fencing and windows located around the Property.  Although all of the damage was covered under the Policy, LLOYDS' adjuster failed to document all of the damage sustained to the exterior of the Property. As a result, Plaintiffs were wrongly denied the cost to repair the damage to the exterior of the Property.

5.11    Water intrusion from the roof caused interior damage to his walls, ceilings, flooring, moulding, ceiling texture and insulation in the entry way, den and attic space of the home.  The storm caused significant damage to the interior of the Property and required replacement of paneling, insulation, drywall taped and floated, painting, mildewcide, texture, and content removal. LLOYDS' adjuster did not document and failed to inspect all the interior damage, although all of the damage was covered under the Policy.  As a result, Plaintiffs were wrongly denied the cost to repair the interior damage.

5.12    LLOYDS failed to properly train and supervise the adjuster. Furthermore, LLOYDS underpaid Plaintiffs' claim by not providing full coverage for the damages to Plaintiffs' home sustained by a covered event under the Policy, as well as under-scoping the damages during its investigation.

5.13    To date, LLOYDS continues to delay in the payment for the damages to the Property.  As such, Plaintiffs' claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

5.14    LLOYDS failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the policy.  Specifically, Defendant failed and refused to pay all of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried

out and accomplished by Plaintiffs.  LLOYDS' conduct constitutes a breach of the insurance contract between LLOYDS and Plaintiffs.

5.15    Defendant, LLOYDS, misrepresented to Plaintiffs the severity of Plaintiffs' damage, that the hail damage to the roof was "wear and tear," and that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Furthermore, LLOYDS misrepresented the scope of damages sustained to the exterior, roof, and interior of the Property.  LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS. CODE §541.060 (a) (1).

5.16    Defendant, LLOYDS failed to make an attempt to settle Plaintiffs' claim in a prompt, fair, and equitable manner, although it was aware of its liability to Plaintiff under the Policy. Defendant LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060 (a)(2)(A).

5.17    Defendant, LLOYDS failed to explain to Plaintiff the reason for its offer of an inadequate settlement.  Specifically, LLOYDS failed to offer Plaintiff adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made.  Further, Defendant LLOYDS did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  LLOYDS' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE. §541.060 (a)(3).

5.18    Defendant failed to communicate with Plaintiffs to insure that they understood the coverage denials that they received.  Although requested by counsel for Plaintiff, Defendant, LLOYDS failed to produce any evidence of communication with Plaintiffs.  Defendant LLOYDS was asked for documents pertaining to the investigation of the claim, including the following:

      i        "Any and all correspondence to or from our client relating to this claim;

      ii      "Any and all adjusters' estimates;

      iii     "An itemized statement of all payments made or pending toward the client's claim, including all payments toward property damage with adjustment summaries;

      iv     "Any and all written or recorded statements or other investigation information pertaining to his claim."

5.19    Defendant's unwillingness to provide Plaintiff documents relative to his claim for damages prior to suit being filed demonstrates bad faith and a failure to treat Plaintiffs reasonably.  TEX. INS. CODE. §541.060 (a)(3).

5.20    Defendant, LLOYDS failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant, LLOYDS.  Defendant, LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(4).

5.21    Defendant, LLOYDS refused to fully compensate Plaintiffs, under the terms of the Policy, even though LLOYDS failed to conduct a reasonable investigation.    Defendant, LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(7).

5.22     Defendant, LLOYDS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim.  LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.    TEX.INS.CODE §542.055.

5.23    Defendant LLOYDS failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX.INS.CODE §542.056.

## VI.
## 1ST CAUSE OF ACTION:  BREACH OF CONTRACT

6.01    Plaintiffs incorporate paragraphs 5.01 – 5.23 herein.

6.02    At the time of the October 26, 2013 incident, Plaintiffs had in place a policy issued by LLOYDS.   The premiums were current.   All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract.  LLOYDS is therefore in breach of the contract of insurance issued to Plaintiffs.

6.03    LLOYDS' conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

## VII.
## 2nd  CAUSE OF ACTION:  DTPA

7.01    Plaintiffs incorporate paragraphs 5.01 – 5.23 herein.

7.02    Plaintiffs are "consumer" as defined by Tex. Bus. Code § 17.45(4).  Plaintiff sought or acquired goods or services by purchasing those goods or services from Defendant.  LLOYDS violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")(TEX. BUS. & COM. CODE §17.44 et seq.) because Defendant engaged in false, misleading and/or deceptive acts or practices that Plaintiffs relied on to their detriment.

7.03    The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

      a.     Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

      b.     Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

7.04     The acts and omissions of Defendant were a producing cause of the Plaintiffs' damages.

7.05     Defendant's conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

7.06     Plaintiffs gave Defendant notice as required by DTPA §17.50(a).

VIII.
3RD  CAUSE OF ACTION:  §541 ET SEQ. TEXAS INSURANCE CODE

8.01     Plaintiffs incorporate paragraphs 5.01 – 5.23 herein.

8.02     LLOYDS violated the TEXAS INSURANCE CODE § 541 et seq.  because they engaged in unfair and/or deceptive acts or practices in the business of insurance.   Specifically, LLOYDS' acts and omission include violation of:

(a)     §541.051;

(b)     §541.051(4);

(c)     engaging in unfair settlement practices by (§541.060):

(i)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(ii)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which LLOYDS' liability has become reasonably clear;

(iii)     failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for LLOYDS' denial of the claim;

(iv)     failing to affirm or deny coverage within a reasonable time; and

(v)     refusing to pay a claim without conducting a reasonable investigation of the claim.

    (d)     misrepresenting Plaintiffs' insurance policy by (§541.061):

          (i)     making an untrue statement of material fact;

          (ii)    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

          (iii)   making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

    (e)     §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

8.03    LLOYDS' conduct was committed knowingly because Defendant had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

8.04    Plaintiffs gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE.

8.05    Defendant's conduct described above was a producing cause of Plaintiffs' injuries.

IX.
4TH CAUSE OF ACTION:  TEXAS INS. CODE SECTION 542

9.01    Plaintiffs incorporate paragraphs 5.01-5.23 herein.

9.02    LLOYDS violated the Texas Insurance Code section 542 because they failed to do the following within the statutorily mandated time of receiving all necessary information:

    (1) Failing to timely acknowledge the Plaintiffs' claim;

    (2) Failing to commence an investigation of Plaintiffs' claim;

    (3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadlines;

    (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

    (5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

    (6) Failing to pay Plaintiffs' claim without delay; and

     (7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

9.02    LLOYDS violated the Texas Insurance Code section 542 by:

     (1) Knowingly misrepresented to the Plaintiff pertinent facts or policy provisions relating to coverage;

     (2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

     (3) Not attempting in good faith to effect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

     (4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

9.03    Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058.  As a result of the foregoing violations, Plaintiffs request damages under Texas Insurance Code section 542.060.

## X.
## 5TH CAUSE OF ACTION:  GOOD FAITH AND FAIR DEALING

10.01   Plaintiff sincorporate paragraphs 5.01-5.23 herein.

10.02   LLOYDS owed Plaintiffs a duty of good faith and fair dealing.  LLOYDS breached this duty when they conducted an unreasonable investigation, denied Plaintiffs' claim, and misrepresented material facts because LLOYDS knew or should have known that it was reasonably clear that Plaintiffs' claim was covered.  LLOYDS' breach of this duty was a proximate cause of Plaintiffs' damages.

## XI.
## 6th CAUSE OF ACTION:  FRAUD

11.01   Plaintiffs incorporate paragraphs 5.01-5.23 herein.

11.02   Common Law Fraud.   Defendants, LLOYDS, made various representations to the Plaintiffs regarding his windstorm / hailstorm claim, including material representations regarding the extent of damages sustained to Plaintiffs' home, material representations regarding policy coverages, whether or not claims were covered, and the value of claim, which were material and false.   At the time LLOYDS made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth.   LLOYDS made these representations with the intent that the Plaintiffs acted on them by not further pursuing claims or thinking there was no other money to recover.   Plaintiffs relied on the representations and this caused injury.

11.03   Constructive Fraud.   A breach of fiduciary duty is a form of constructive fraud.   The acts and omissions of LLOYDS constitute constructive fraud.

11.04   Fraud by Non-disclosure.

(a)   LLOYDS had a duty to Plaintiffs to disclose the extent and value of damages suffered by Plaintiff, the proper cause of the damage, and that it owed Plaintiff money for his claim.   LLOYDS concealed from, or failed to disclose these facts to Plaintiffs.   The facts were material and LLOYDS knew that the Plaintiffs were ignorant of the facts and that Plaintiffs did not have an equal opportunity to discover the facts.

(b)   LLOYDS was deliberately silent when they owed a duty to advise Plaintiffs of the damages and the extent of the damages and the amount LLOYDS owed Plaintiffs.   By failing to disclose these facts, LLOYDS intended to induce the Plaintiff to believe no money was owed on the claim.   Plaintiffs relied on the non-disclosure and were injured.

11

XII.
AMBIGUITY

12.01   The policy in place at the time of October 26, 2013, policy number H 439163667-0, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

XIII.
WAIVER AND ESTOPPEL

13.01   Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

XIV.
DAMAGES

14.01   As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages all of which they are entitled to recover.  Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.  Plaintiffs are also entitled to recover mental anguish damages because Defendant acted in bad faith and because Defendant's knowing conduct was the producing cause of Plaintiffs' mental anguish.

14.02   Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiffs are also entitled to recover treble damages because Defendant's conduct was committed knowingly.

14.03   Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed as described above.  When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious

indifference to the rights, safety, or welfare of others.  In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

14.03   Based on the information currently available to Plaintiffs, Plaintiffs believe their damages exceed $200,000.00, but are less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. Plaintiffs reserve the right to decrease or increase this amount as further information becomes available.

## XV.
### ATTORNEY FEES

15.01   Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq*., DTPA §17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney fees and court costs.

## XVI.
### PRAYER

16.01   For these reasons, Plaintiffs ask that they have judgment against Defendant for their economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themselves entitled.

Respectfully Submitted,

SCOTT LAW OFFICES
350 Pine Street, Suite 1419
Beaumont, Texas 77701
Telephone:  (409) 833-5400
Facsimile:    (409) 833-5405


*/s/Danny Ray Scott*
_____
Danny Ray Scott
State Bar No. 24010920
danny@scottlawyers.com
Sean M. Patterson
State Bar No. 24073546
sean@scottlawyers.com

*Attorneys for Plaintiffs*

PLAINTIFFS HAVE DEMANDED A TRAIL BY JURY

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Local Federal Rules Procedure on April 12, 2016.

Dennis D. Conder                                           ***Via Electronic Service***
STACY & CONDER, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202
Email:  conder@stacyconder.com

Clint Brasher                                              ***Via Electronic Service***
THE BRASHER LAW FIRM
470 Orleans, Suite 950
Beaumont, Texas 77701
Email:  clint@brasherattorney.com

*/s/Danny Ray Scott*
_____
Danny Ray Scott